## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBINETTE GRAVELY SMITH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-03274-PX |
| SUNTURST MORTGAGE, INC./ SUNTRUST BANK, *et al.* | * | |
| | * | |
| Defendants. | | |

\*\*\*

## <u>MEMORANDUM OPINION</u>

Pending before the Court is an Amended Motion to Dismiss, ECF No. 13-1,[1] filed by Defendants William H. Rogers, Jr. and SunTrust Bank, successor by corporate merger to SunTrust Mortgage, Inc., and a wholly owned subsidiary of SunTrust Banks, Inc. ("SunTrust"). For the following reasons, the motion to dismiss is GRANTED.

### I.      Background

On October 2, 2019, pro se Plaintiff Robinette Gravely Smith filed suit against SunTrust and Rogers in the Circuit Court for Prince George's County, Maryland.  ECF No. 1-2.  On November 14, 2019, SunTrust and Rogers removed the case to this Court based upon diversity jurisdiction and moved to dismiss the Complaint.  ECF Nos. 1, 7.  Smith next filed an Amended Complaint, ECF No. 12, to include "additional facts of the original case."  The Court recognizes that Smith proceeds without counsel and thus should be afforded liberal construction of the pleadings.  The Court considers both Complaints collectively as the Amended Complaint.

The case stems from a mortgage loan Smith received from SunTrust in 2008.  *See* ECF

---

[1] The Court denies Defendants' original motion to dismiss, ECF No. 7, as mooted by the subsequently filed Amended Complaint, ECF No. 12.

No. 12 ¶ 7; ECF No. 13-1 at 10.  The loan was secured by Smith's home in Upper Marlboro, Maryland, where she has lived since 2008.  ECF No. 12 ¶ 5.  Smith avers that in April 2015, she sought a loan modification from SunTrust.  *Id.* ¶ 7.  SunTrust, in turn, presented an agreement that included certain "blank amounts."  *Id*.  Smith nonetheless signed the loan modification agreement.  *Id.*

Smith further avers that in 2017 she made $30,000 in mortgage payments via certified checks, but that SunTrust gave her credit on the year's 1098 Interest Mortgage Statement for only $2,488.68.  *Id.* ¶ 9.  The Amended Complaint repeatedly frames this 1098 statement as erroneous.  *See id.* ¶¶ 4, 5, 9, 10, 12, 15.  The Amended Complaint also avers that Smith's pending Chapter 13 Bankruptcy case, in which SunTrust is attempting to obtain approval to foreclose Smith's house, also includes similar "errors" related to her mortgage payments.  *See In re: Robinette Smith,* Case No. 18-25075-TJC, United States Bankruptcy Court for the District of Maryland; *see also* ECF No. 12 ¶¶ 4, 6, 10, 13.

In August 2018, Smith filed companion complaints with several agencies, including the Department of Labor, Licensing and Regulation ("DLLR"), the Consumer Financial Protection Bureau, and the Board of Governors of the Federal Reserve System.  ECF No 12 ¶ 9.  The Amended Complaint avers that a DLLR investigator reviewed Smith's allegations and apprised her on its results.  *Id*.  At bottom, the investigator did not find fault with SunTrust's handling of Smith's mortgage and noted that Smith's Chapter 13 bankruptcy case appeared to be addressing the accuracy of the payments Smith had made toward the mortgage.  *Id*.

In August 2018, Smith and SunTrust entered into another loan modification agreement.  *Id.* ¶ 8.  However, as of June 2019, Smith stopped sending SunTrust monthly mortgage payments, stating that she will continue to withhold payments "until all of [her]…concerns…are

2

resolved." *Id.* ¶ 14.

Arising from this tortured history, Smith filed this action. Although difficult to decipher, Smith appears to bring common law claims of negligence and fraud. As relief, Smith seeks $180 million in compensatory damages, a "favorable discharge" from the SunTrust mortgage in her pending Chapter 13 bankruptcy case, and prison and the assessment of fines against unidentified persons. ECF No. 3 at 10; ECF No. 12 at 11.

## II.    Standard of Review

In ruling on a motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and viewed in the light most favorable to her. *Twombly*, 550 U.S. at 555. The Court may also consider documents attached to the motion to dismiss when "integral to and explicitly relied on in the complaint, and when the [opposing parties] do not challenge the document[s'] authenticity." *Zak v. Chelsea Therapeutics, Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)) (internal quotation marks omitted). However, "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "[C]onclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "'[N]aked assertions of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387,

391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view

such pro se complaints does not transform the court into an advocate.").

### III.    Analysis

Defendants argue that the Amended Complaint fails to state any plausible claims against

Defendants.  ECF No. 13-1 at 10.  Alternatively, Defendants contend that even if a plausible

cause of action could be identified, Rogers should be dismissed as a party because the Amended

Complaint fails to aver any facts tying him to Smith's mortgage.  ECF No. 13-1 at 9.

Although Smith proceeds pro se, she is not excused from following the pleading rules

when filing suit.  Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a

short and plain statement of the claim showing that the pleader is entitled to relief."  The

allegations read most favorably to Smith amount to a disjointed series of factual averments

divorced from any claim for relief.  The Amended Complaint, however, episodically refers to

"fraud" and "negligence."  *See* ECF No. 12 ¶¶ 2, 4, 5.  Thus, because the Court must construe

Smith's pleadings liberally, it reads into the Amended Complaint claims of negligence and fraud.

Because the Court exercises its diversity jurisdiction, Maryland choice-of-law rules

apply.  *See Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999) ("A federal court sitting in diversity

must apply the choice-of-law rules from the forum state.").  For causes of action sounding in tort

such as fraud and negligence, Maryland adheres to the *lex loci delicti* rule, applying the

substantive law of the state in which the alleged tort took place.  *Philip Morris Inc. v. Angeletti*,

358 Md. 689, 744–45 (2000).  Smith's claims center on actions taken in Maryland. Thus,

Maryland common law applies.

A.      **Negligence**

To sustain a negligence claim, Smith must allege facts sufficient to make plausible that

SunTrust owed Smith a duty that it breached, and that the breach proximately caused Smith's

damages.  *See Walpert, Smullian & Blumenthal, P.A. v. Katz*, 361 Md. 645, 655 (2000).

"[W]hen analyzing a negligence action, it is customary to begin with whether a legally

cognizable duty exists."  *Premium of Am., LLC v. Sanchez*, 213 Md. App. 91, 108 (Md. Ct. Spec.

App. 2013) (quoting *Pendleton v. State*, 382 Md. 447, 461 (2007)).  The claim fails because

Smith has not alleged any "legally cognizable duty" that Defendants owed to her.  Although "tort

liability may be imposed upon contractual privity or its equivalent, . . . there must have been a

breach of the duty owed under the terms of the contract."  *Yousef v. Trustbank Sav. F.S.B.*, 81

Md. App. 527, 536 (Md. Ct. Spec. App. 1990).  To be sure, the Amended Complaint collectively

refers to several agreements between Smith and SunTrust, but no facts make plausible that

SunTrust breached any of the agreements at all, let alone committed a breach giving rise to tort

liability.

Nor does Smith make plausible the existence of any fiduciary duty between her and

SunTrust giving rise to the kind of relationship necessary to establish tort liability.  *See*

*Dynacorp Ltd. v. Aramtel Ltd.*, 208 Md. App. 403, 499 n.46 (Md. Ct. Spec. App. 2012).  "Courts

have consistently held that banks and mortgage services do not owe customers a fiduciary

duty."  *Ayres v. Ocwen Loan Servicing, LLC*, No. WDQ-13-1597, 2014 WL 4269051, at *4 (D.

Md. Aug. 27, 2014) (citations omitted).  While "special circumstances" may give rise to a

fiduciary relationship,[2] no facts support that any are at play here.  Thus, even when construing

---

[2] The special circumstances arise where "the lender (1) took on any extra services on behalf of [the borrowers] other than furnishing . . . money . . . ; (2) received a greater economic benefit from the transaction other than the normal mortgage; (3) exercised extensive control . . . ; or (4) was asked by [the borrowers] if there were any lien actions pending."  *Windesheim v. Larocca*, 443 Md. 312, 338–39 (2015) (quoting *Polek v. J.P. Morgan Chase*

the Amended Complaint most favorably to Smith, any negligence claims fail as a matter of law.

      **B.**    **Fraud**

For a claim sounding in fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires the claim to be pleaded with particularity. *Haley v. Corcoran*, 659 F. Supp. 2d 714, 721 (D. Md. 2009) (quoting *Adams v. NVR Homes, Inc*., 193 F.R.D. 243, 250 (D. Md. 2000); Fed. R. Civ. P. 9(b)). To satisfy this standard, a plaintiff "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks and citation omitted). "These facts are often referred to as the 'who, what, when, where, and how' of the alleged fraud." *Id*. (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)). This requirement affords the defendants notice of the basis for the claim, safeguards against frivolous suits, and minimizes the risk of unwarranted damage to the defendant's reputation. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citation omitted). Fraud allegations that fail to comply with Rule 9(b) must be dismissed pursuant to Rule 12(b)(6). *Id.* at 783 n.5.

Smith's fraud claim plainly fails to meet the Rule 9(b) requirements. The Amended Complaint does not include any of the alleged false representations that SunTrust uttered, nor does it include any facts about the time, place, or manner in which the supposed fraud was carried out. Notably, mere inaccuracies in a mortgage statement do not alone constitute "fraud." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79; *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This claim too must be dismissed.

---

*Bank, N.A.*, 424 Md. 333, 366 (2012)).

Finally, Smith's claimed relief bears no rational relationship to any alleged wrongdoing on SunTrust's part.  Although the Amended Complaint refers to Smith's noncredited payments of $30,000, Smith seeks "compensatory damages" of $180 million.  The claimed amount as compensation bears no rational relationship to any possible damages stemming from the alleged injuries as articulated in the Amended Complaint.  Smith's prayer for relief, in short, adds confusion rather than clarity to any possible cause of action.

For the foregoing reasons, Defendants' Amended Motion to Dismiss (ECF No. 13) is granted.  Because Smith has been afforded the opportunity to amend her Complaint once, and with the benefit of Defendants' original motion to dismiss, and because the Court can discern no way to cure the deficiencies in the pleadings, the dismissal is with prejudice.

A separate order follows.

| | |
|---|---|
| _____8/4/2020_____ | _____/S/_____ |
| Date | Paula Xinis |
| | United States District Judge |